COMMERCIAL REALTY, INC., demandante y apelada, *v.* SUCRS. DE INFANZÓN & GARCÍA, INC., demandada y apelante.

Núm. 10124.—*Sometido:* Abril 18, 1950. *Resuelto:* Mayo 11, 1950.

*Mariano Acosta Velarde* y *Daniel Pellón Lafuente*, abogados de la apelante; *Guillermo S. Pierluisi*, abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tribunal de Distrito de San Juan declaró con lugar demanda de desahucio incoada por la Commercial Realty, Inc. en contra de Sucrs. de Infanzón & García, Inc., basada en el artículo 12-A8([1]) de la Ley de Alquileres Razonables (Ley núm. 464 de 1946 ((1) pág. 1327), según enmendada por la núm. 201 de 1948 ((1) pág. 575)). Hizo constar en la sentencia la corte inferior,([2]) que:

---

([1]) El artículo 12-A8 (*d*) dispone:

"Artículo 12-A.—Como excepciones a lo dispuesto en el artículo precedente, el arrendador podrá negar la prórroga del contrato de arrendamiento y en su consecuencia promover la acción de desahucio solamente en los casos siguientes:

"      .      .      .      .      .      .      .

"8.—Por proyectar el arrendador la demolición total o parcial del edificio arrendado para construir un nuevo edificio. Deberán concurrir los siguientes requisitos:

"      .      .      .      .      .      .      .

"*d*.—Que con seis meses de antelación, por lo menos, a la fecha en que se proponga comenzar la obra, el arrendador notifique por escrito al arrendatario afectado en forma fehaciente para que desaloje el local por razón de las obras a efectuarse."

([2]) No emitió opinión no obstante el mandato del artículo 227 del Código de Enjuiciamiento Civil.

". . . Son hechos claramente probados que el día 1ro. de enero de 1948 la demandante se dirigió a Sucesores de Infanzón y García, causahabientes (sic) de Sucesores de Infanzón y García, Inc., solicitando de ellos que procedieran a desalojar el edificio que le tenía arrendado la demandada, porque dicha demandante tenía la intención de reformar completamente el edificio y la reforma no podría llevarse a cabo mientras estuviera el local arrendado, concediéndoles hasta el 30 de junio de 1948 para desalojar dicho local; que la demandante procedió a preparar los planos correspondientes los cuales fueron aceptados por la Junta de Permisos; que el día 18 de marzo de 1949 la Junta de Permisos aprobó dichos planos; que ese mismo día se expidió la póliza de seguro por el Fondo del Seguro del Estado; que la demandante está preparada para llevar a cabo la construcción de la obra tan pronto logre el desalojo de la demandada."

Procedió entonces a desestimar las defensas interpuestas por la demandada al efecto de que no había sido notificada de la acción de acuerdo con la Ley y que la demandante pretendía establecer un negocio en el local que ocupa la demandada.

Apeló la demandada y sostiene que el tribunal inferior erró al desestimar su excepción previa a la demanda, al declarar que la notificación hecha a la sociedad Sucrs. de Infanzón & García era válida, al declarar que la demandante tiene derecho a retener un local en el nuevo edificio, y al no considerar que desde la fecha de la notificación a la demandada hasta que se radicó la demanda no habían transcurrido los seis meses que requiere la ley.

Los errores primero, segundo y cuarto envuelven la misma cuestión, a saber, si se notificó legalmente a la demandada del propósito de la demandante de reconstruir el edificio en cuestión.

La demanda se radicó el 13 de abril de 1949 y en ella se alegó que el 1ro. de enero de 1948 la demandante, como arrendadora, había notificado por correo certificado a la demandada, como arrendataria, su propósito de reconstruir el edificio en el cual está el local arrendado y solicitando deso-

cupara el mismo, y que la obra comenzaría el 15 de julio de 1948. Sostiene la apelante que en la demanda no se alegó la fecha en que comenzarían las obras y que por este motivo no aducía hechos constitutivos de causa de acción, y además que la notificación se hizo a la sociedad Sucrs. de Infanzón & García y no a Sucrs. de Infanzón & García, Inc.

No tiene razón la apelante. El artículo 12-A8, supra, fué cumplido en este caso. Se le notificó, con más de seis meses antes de radicarse la demanda, que la apelada se proponía comenzar la obra a más tardar el 15 de julio de 1948. Se alegó en la demanda asimismo que la demandante "tenía en mente comenzar la obra allá para principios de julio de 1948, lo que no pudo hacerse por no haber desocupado la demandada el referido local". Esta alegación, en relación con lo expuesto en la notificación, era suficiente. Al radicarse la demanda habían expirado con exceso los seis meses.

En cuanto a que la notificación se hizo a la sociedad y no a la corporación Sucrs. de Infanzón & García, no tenemos duda, de acuerdo con la prueba, que lo que hicieron los socios de la sociedad Sucrs. de Infanzón & García fué incorporarse y continuar sus negocios sin que surgiera cambio alguno, por dicho motivo, en el contrato de arrendamiento con la apelada. A los efectos de la notificación bajo la Ley de Alquileres Razonables los inquilinos de la apelada eran los mismos.

El otro error señalado se refiere al hecho de haber resuelto el tribunal inferior que la apelada tiene derecho a retener un local de comercio en el nuevo edificio. Arguye la apelante que la apelada "no lo va a utilizar para su beneficio sino para otra entidad que tiene un negocio en el edificio contiguo".

Hemos examinado la prueba y ella es suficiente para sostener la conclusión de la corte inferior al efecto de que la apelada va a ocupar la primera planta del edificio reconstruído.

No dió crédito, por tanto, a la prueba de que dicho local sería para beneficio de la firma A. Cuesta & Co. Que la apelada tiene derecho a ocupar dicho local en la nueva edificación no puede haber duda ya que el inciso 8(*f*) del artículo 12-A, supra, dispone que:

"El arrendador podrá retener para uso propio en el inmueble reedificado no más de una vivienda y un local de comercio. Los otros locales de vivienda y de negocio que hubiere disponibles serán arrendados, atendiendo a su orden de antigüedad, a los arrendatarios de vivienda o de negocio que fueron desalojados de sus antiguos locales y que deseen volver al inmueble."

*Debe confirmarse la sentencia.*